UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA C. BAKOS, | ) | CIVIL ACTION FILE |
| | ) | NO: _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES ANGELA C. BAKOS, Plaintiff in the above-styled matter, pleading against the Defendant, Unum Life Insurance Company of America, and shows unto the Court the following:

1.

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. Sections 1132 (1), (e), (f), and (g) as well as 28 U.S.C. Section 1331, as this action involves a federal question and a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.

2.

The Defendant, Unum Life Insurance Company of America, (hereinafter designated as "Defendant Insurer") is a duly organized and existing foreign insurance company domesticated under the laws of the State of Maine. Defendant Insurer can be served in the State of Georgia by

serving its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

3.

Venue is proper pursuant to the provisions of 29 U.S.C. Section 1132(e)(2) as a substantial part of the events that give rise to Plaintiff's claims arose in the Augusta Division of the Southern District of Georgia in that one or more of the breaches complained of in this complaint occurred in said district and division.

4.

At all times mentioned herein Plaintiff was a covered participant in an ERISA plan issued by Defendant Insurer to her then employer, Christopherson Properties, as policyholder, which Plan provided, among other benefits, for short term and long term disability benefits as well as life insurance benefits to Plaintiff.

5.

Pursuant to the terms and provisions of the Christopherson Properties ERISA Plan, the Defendant, Insurer was designated as the plan's "claims fiduciary."

6.

Defendant Insurer was given "discretionary acts" authority to administer the Plan as per the following terms of the Plan:

> The Plan, acting through the Plan Administrator, delegates to Unum, and its affiliate Unum Group discretionary authority to make benefit determinations under the Plan Unum and Unum Group may act directly or through their employees and agents or further delegate their authority through contracts, letters or other documentation or procedures to other affiliates, persons or entitles. Benefit determinations include determining eligibility for benefits and the amount of any benefits, resolving factual disputes, and interpreting and enforcing the provisions of the Plan. All benefit determinations must be reasonable and based on the terms of the Plan and the facts and circumstance of each claim.

2

7.

On or about August 6, 2014 while fully covered under the Plan, Plaintiff was awarded disability benefits as well as a waiver of life insurance premiums effective December 1, 2014.

8.

Later, on or about July 16, 2015, Defendant Insurer notified Plaintiff that she did no longer met the Plan's disability definition as of April 14, 2015 and immediately ceased paying any monthly disability benefits to Plaintiff.

9.

As required by the Plan's terms, Plaintiff timely appealed the termination of her disability benefits and life insurance waiver of premium requiring the Defendant Insurer to review its denial.

10.

Thereafter, on June 27, 2016, Defendant Insurer notified Plaintiff that it denied her appeal and without specifying any appeal deadlines informed Plaintiff that if she disagreed with its decision she had the "right to bring a civil suit under section 502(a) of the Employee Retirement Income Security Act of 1974."

11.

Pursuant to the provisions of Defendant Insurer's Plan there is a reduction in monthly benefits should a claimant such as Plaintiff be awarded Social Security disability benefits. In fact, these Plan documents even provide that, if requested, Defendant Insurer would assist Plaintiff in so applying.

12.

Plaintiff did in fact apply for Social Security disability benefits on January 13, 2015, and on September 7, 2017, after appealing to a law judge hearing, was awarded a partially favorable decision finding she was disabled beginning December 18, 2015.

13.

Since this date postdated April 14, 2015, the date Defendant Insurer determined Plaintiff to be last disabled, the Plaintiff appealed and sought review by the Social Security Appeals Council. On May 22, 2018 the Appeals Council denied review.

14.

Plaintiff then timely appealed this denial to federal district court which appeal resulted in a remand to the Social Security Administration to re-evaluate Plaintiff's disability evidence.

15.

After another Social Security disability law judge hearing, Plaintiff received a fully favorable Social Security disability decision dated March 2, 2020 finding she had been disabled since August 5, 2014. Plaintiff was without any fault for the lengthy delay in her ultimately obtaining Social Security disability benefits.

16.

On August 10, 2020, Plaintiff submitted all relevant Social Security documents, including the recent fully favorable decision, to Defendant Insurer requesting that the it re-open the June 27, 2016 denial of her claims for benefits.

17.

On August 19, 2020, Defendant Insurer denied the re-opening of Plaintiff's claim stating that her "appeal review is complete and no further review will be done." In the denial Plaintiff was informed of her right to bring a court claim under ERISA.

18.

Defendant Insurer is acting under a conflict of interest and in so acting has abused its discretion as a claims fiduciary and has failed to apply the proper standards in evaluating and in assessing Plaintiff's continuing disability.

19.

Defendant's decision denying Plaintiff's application for disability related benefits is incorrect in that, among other reasons:

A. The decision is unreasonable and does not constitute a reasonable analysis of all the medical data and information submitted to Defendant;

B. The decision is unreasonable in that substantially all the evidence clearly establishes that Plaintiff cannot perform the majority of the duties of her job description at Christopherson Properties;

C. Defendant Insurer should be estopped from denying a re-opening of Plaintiff's application or appeal because the Unum Plan implicitly required Plaintiff to apply for Social Security disability and even offered assistance, if needed.

20.

Plaintiff is entitled to an award of her reasonable attorney's fees as may be authorized under ERISA.

WHEREFORE, Plaintiff demands that she have judgment against Defendant as follows:

A.     That a determination be made that she is disabled and continues to be disabled as defined under the Defendant's disability plan;

B.     That she be awarded a waiver of life insurance premiums on her life insurance and that she be awarded back and future disability benefits;

C.     That alternatively the Defendant Insurer be required to re-open Plaintiff's claim and make a new decision on the basis Plaintiff was ultimately awarded Social Security disability benefits

D.     That she be awarded reasonable attorney's fees under ERISA;

E.     That she be awarded necessary equitable relief including an estoppel due to the necessary time required for Plaintiff to pursue her Social Security appeal; and

F.     That she be awarded the costs and interest of this action.

McCRACKEN LAW OFFICE

BY: _____

WILLIAM R. McCRACKEN
Attorney for Plaintiff
GSB# 496600

505 Courthouse Lane
Augusta, Georgia, 30901
(706) 722-3748
wrmlaw@aol.com