IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA C. BAKOS, | * | |
| Plaintiff, | * | |
| v. | * | CV 121-058 |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | * | |
| Defendant. | * | |

**ORDER**

Presently before the Court is Defendant's third motion to dismiss. (Doc. 18.) Plaintiff filed her original complaint on April 1, 2021. (Doc. 1.) Plaintiff subsequently filed an amended complaint on May 11, 2021 (Doc. 13) and a second amended complaint on June 10, 2021 (Doc. 17). Defendant had filed motions to dismiss both of Plaintiff's first two complaints (Docs. 8, 16), which the Court denied as procedurally moot in light of Plaintiff's second amended complaint (Doc. 17). (Doc. 26). Now, in response to Plaintiff's second amended complaint, Defendant files its third motion to dismiss (Doc. 18). For the reasons that follow, Defendant's motion is **GRANTED**.

**I. BACKGROUND**

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") -

specifically, section 1132(a) (also referred to as section 502(a)). (Doc. 1, at 1.) While Plaintiff was employed by Christopherson Properties, Defendant Unum Life Insurance Company of America issued her an ERISA-governed plan (the "Plan") for life insurance and short- and long-term disability benefits. (Id. at ¶ 2.) In August 2014, Plaintiff "was awarded disability benefits as well as a waiver of life insurance premiums effective December 1, 2014." (Id. ¶ 7.) In July 2015, Defendant notified her she "no longer met the Plan's disability definition as of April 14, 2015" and "immediately ceased paying" her monthly disability benefits. (Id. ¶ 8.) Plaintiff timely appealed the decision. (Id. ¶ 9.) On June 27, 2016, Defendant denied Plaintiff's appeal and, "without specifying any appeal deadlines[,] informed Plaintiff that if she disagreed with its decision[,] she had the 'right to bring a civil suit under [ERISA] section 502(a)." (Id. ¶ 10.)

During this time, Plaintiff also filed a claim for social security disability ("SSD") benefits. (Id. ¶ 12.) She applied for SSD benefits on January 13, 2015 and September 7, 2017, and notes that under the Plan, Defendant would assist Plaintiff in applying for SSD benefits. (Id. ¶¶ 11-12.) On December 18, 2015, Plaintiff was awarded a partially favorable SSD verdict. (Id. ¶ 12.) She appealed that decision (presumably because it was not fully favorable), which was denied on May 22, 2018. (Id. ¶¶ 13-14.) However, after appealing in federal court,

2

Plaintiff was awarded a second SSD hearing and was subsequently awarded a fully favorable SSD verdict on March 2, 2020. (Id. ¶ 5.) In light of that finding, Plaintiff requested on August 10, 2020 that Defendant "re-open the June 27, 2016 denial of her claims for [disability] benefits" under the ERISA plan. (Id. ¶ 16.) Defendant declined to do so, noting that "her 'appeal review is complete and no further review will be done.'" (Id. ¶ 17.)

As a result of the denial, Plaintiff brought this suit, claiming Defendant "abused its discretion as a claims fiduciary" and "failed to apply the proper standards in evaluating and in assessing Plaintiff's continuing disability." (Id. ¶¶ 18-19.) Plaintiff alleges she "diligently pursued a [SSD] decision" which was "retroactive to when Plaintiff last worked," "[t]he specific contract language of Defendant's Plan required [Defendant] to specifically describe and inform Plaintiff of any periods of limitation for any of its denials," and "Plaintiff's right to receive [SSD] benefits was part and parcel of Defendant's disability . . . Plan." (Doc. 13, at 1-2.) Lastly, Plaintiff alleges that without her fully favorable SSD award, she "would have lacked competent or sufficient evidence to establish or prove disability under Unum's policy or plan"; that she "did not have actual knowledge that there was an arguable three-year period of limitation within which . . . [she] was required to file [her] claim in court"; and that Defendant

3

"never notified [her] in any manner whatsoever that it asserted there was a three-year statute of limitations." (Id. at 2; Doc. 17, at 1.) She asks that as a result of these actions, "a determination be made that she is disabled and continues to be disabled as defined [by the Plan]," "she be awarded a waiver of life insurance premiums on her life insurance and that she be awarded back and future disability benefits," "[t]hat alternatively [Defendant] be required to re-open [her] claim and make a new decision," "[t]hat she be awarded reasonable attorney's fees under ERISA," and "[t]hat she be awarded necessary equitable relief including an estoppel due to the necessary time required . . . to pursue her [SSD] appeal." (Doc. 1, at 6.) Defendant moves to dismiss these claims. (Doc. 18.) The Court will address Defendant's motion below.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual

4

allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's suit for one central reason: it claims the suit is time-barred by the Plan's three-year limitations period, "which required Plaintiff to initiate an action challenging Unum's claim decision on or before August 6, 2018."[1] (Doc. 18-1, at 2.) Defendant claims that under ERISA, this time limit is enforceable as a matter of law, and that Plaintiff is not entitled to equitable tolling of this time period because she failed to diligently pursue her ERISA claims – namely, by failing to "simply ascertain[], and comply[] with, the Group Policy's limitations period." (Id.) Aside from the time-limitation argument, Defendant claims the revised SSD decision "cannot be reviewed as evidence outside the administrative record in an action challenging Unum's claim decision as a matter of law, and otherwise has no substantive bearing on a review of [the same]." (Id. at 3.)

Plaintiff notes that the Plan gives her a "right to bring a civil suit under [ERISA §] 502(a)," also known as ERISA § 1132(a), which provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

---

[1] Plaintiff does not dispute that under the terms of the Plan, she was required to submit her proof of claim on August 6, 2015 (which triggered the three-year clock), meaning the latest day to file her lawsuit was August 6, 2018. (Doc. 18-1, at 12-13.) This action was not filed until April 1, 2021. (Doc. 1.)

6

benefits under the terms of the plan." (Doc. 1, ¶ 10); 29 U.S.C. § 1132(a)(1)(B).

"ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits. Thus, courts borrow the most closely analogous state limitations period." Northlake Reg'l Med. Ctr. V. Waffle House Sys. Empl. Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998) (citations omitted). "Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period." Id. Here, the Parties contractually agreed upon a three-year limitations period. (Doc. 18-2, at 18.)[2] As a result, the Court "must give effect" to this limitation provision unless it determines "either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." Heimeshoff v. Hartford Life & Accident Ins. Co., 571 U.S. 99, 109 (2013) (citation omitted). Plaintiff does not claim the limitations period is unreasonably short, nor does she argue any statute prevents the Plan's limitations period from taking effect.

---

[2] Although Plaintiff did not attach the Plan and denial letters (Docs. 18-2 and 18-4) as exhibits to her amended complaint, Defendant attached them to its motion to dismiss, and the documents are both undisputed and central to Plaintiff's amended complaint. (See Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (holding that while "[t]he district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint . . . the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." (internal quotations and citations omitted).) Accordingly, the Court declines to convert Defendant's motion into one for summary judgment.

Accordingly, the Court finds the three-year limitations period reasonable and enforceable.

Plaintiff does, however, argue her suit should be deemed timely under the principle of equitable tolling. (Doc. 20-1, at 8.) She argues equitable tolling should apply for three reasons. First, she argues "Defendant's notices provided to Plaintiff did not contain reference to any three (3) year statute of limitations." (Id.) Second, she argues she did not have "actual notice" of the limitations period. (Id. at 12.) Third, she argues she "diligently pursued a lengthy . . . mandatory legal proceeding to recover her [SSD]" benefits. (Id. at 8.)

"Equitable tolling is a form of extraordinary relief that courts have extended only sparingly." Brotherhood of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp. Inc., 522 F.3d 1190, 1197 (11th Cir. 2008) (citation and quotation omitted). Equitable tolling may apply "[t]o the extent the participant has diligently pursued both internal review and judicial review but was prevented from filing suit by extraordinary circumstances." Heimeshoff, 571 U.S. at 114. "Equitable tolling generally does not apply in the absence of diligence." Wilson v. Standard Ins. Co., 613 F. App'x 841, 844 (11th Cir. 2015). Here, Plaintiff is correct that Defendant's letter "never addressed or notified her of any three-year statute of limitation," and that "Defendant failed to

. . . inform [her] of the three-year period of limitation. (Doc. 20-1, at 9, 11.) However, as Defendant correctly notes, the Eleventh Circuit has already found that failure to provide explicit notice of an ERISA plan limitation period does not merit equitable tolling. See Wilson, 613 F. App'x at 845-46. In Wilson, Defendant sent Plaintiff "a letter stating that her request for benefits had been denied, the administrative review process was complete, and she had a right to bring a civil action under ERISA § 502." Id. at 845. "[T]he letter also alerted her to the fact that she could request any documents she might need to pursue her claim and that [Defendant] would send her copies of them free of charge." Id. Plaintiff could have easily, at any time, requested a copy of the Plan and received one at no charge to her. These facts are precisely the same as those presently before the Court. Because "[a] plaintiff is not reasonably diligent when she fails to investigate basic issues that are relevant to her claim or to proceed with it in a reasonably prompt fashion," Plaintiff has not been diligent here. Id. Plaintiff's "lawsuit easily could have been timely filed if she had exercised even minimal diligence in discovering the terms of the [P]olicy." Id. at 845-46. Thus, like the Plaintiff in Wilson, Plaintiff here failed to timely bring her claim, and her suit is barred by the limitations period.

Plaintiff's second and third arguments are no more convincing. Regarding her "actual notice" argument, Plaintiff

9

argues Defendant has "abused its discretion as a claims fiduciary" by failing to issue her requested benefits and by failing to inform her of the related statute of limitations for appealing the same. (Doc. 1, ¶ 18; Doc. 20-1, at 12.) Citing Intel Corp. Inv. Pol'y Comm. v. Sulyma, Plaintiff argues that actual notice of the statute of limitations is required for the statute to run. (Doc. 20-1, at 12-14); 140 S.Ct. 768 (2020). However, Plaintiff does not bring a claim for breach of fiduciary duty under ERISA § 1113(2), to which Intel applies; rather, her claim is for denial of benefits under § 1132(a). (Doc. 1, ¶ 1.) While the Intel Court specifically noted that limitations periods under § 1113(2) "begin[] only when a plaintiff actually is aware of the relevant facts, not when he should be," it also noted that that section 1113(2) is "[u]nlike other ERISA limitations periods." 140 S.Ct. at 778. That distinction is crucial here. As noted above, statutes of limitations for the purposes of Plaintiff's claim for denial of benefits are those set out by agreement, and Plaintiff agreed to a three-year statute of limitations that did not require actual notice. (Doc. 18-2, at 18.) Thus, her lack of actual notice is immaterial.

Regarding her argument that she "diligently pursued a lengthy . . . mandatory legal proceeding to recover her [SSD]" benefits, Plaintiff fails to point to any statutory or contractual language showing why the status of her SSD appeal

would materially affect her obligation to comply with the Plan's limitation period. (Doc. 20-1, at 10-12.) While it may be true, as Plaintiff argues, that "the recovery of [SSD] benefits was . . . part and parcel of the Defendant's risk taking in terms of paying claims," and while she believed her SSD appeal decision vital to her Plan appeal, Plaintiff points to no contractual provision showing why her SSD result would have any material bearing on the timeliness of her Plan appeal. (Doc. 20-1, at 11.) Nothing in the Plan (or elsewhere) stopped Plaintiff from pursuing both her Plan appeal and her SSD appeal at the same time, and Plaintiff's failure to do so demonstrates a lack of diligence. Accordingly, equitable tolling would be inappropriate here.

Lastly, Plaintiff's references to Webb v. Liberty Mut. Ins. Co., 692 F. App'x 603 (11th Cir. 2017), are not persuasive. In Webb, the insurer issued a statement to the beneficiary that "the appeal process has been exhausted and *further review will be conducted by Liberty.*" Webb, 692 F. App'x at 605 (emphasis added). There, the Court found that "an objectively reasonable person in [Plaintiff's] place" would have believed "the administrative review process was incomplete based on Liberty's statement." Id. at 608. And "because Ms. Webb could not bring suit until the administrative review process finished," she had not failed to diligently pursue her claim by filing it thirty days after she finally received notice that the administrative

11

review process had concluded. <u>Id.</u> Here, Defendant's letter clearly indicated the appeal was over and Plaintiff could file a lawsuit under § 502(a). (Doc. 18-4, at 9.) Thus, no reasonable person in Plaintiff's shoes would have believed the appeal was ongoing, and no reasonable person would have failed to investigate the basic issues of the claim in a prompt fashion. Equitable tolling does not apply.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 18) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendant, **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of March, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA